IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Deborah L. Rice, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:04-cv-0951 |
| Great Seneca Financial Corp, et al., | : | JUDGE SMITH |
| | : | |
| Defendants. | | |
| | | |
| Delores J. Hartman, | : | |
| Plaintiff, | : | Case No. 2:04-cv-972 |
| v. | : | |
| Great Seneca Financial Corp, et al., | : | JUDGE SMITH |
| Defendants. | : | |

OPINION AND ORDER

    Defendants filed an articulation of issues in Case No. 2:04-cv-972 on April 1, 2010, which included three constitutional questions allegedly not decided by either this Court or the Court of Appeals for the Sixth Circuit.  The United States filed a response to that articulation on April 22, 2010.  The articulation and the response are deemed applicable to both cases per the order of consolidation for pretrial purposes.  Based on these filings and its own research and analysis, the Court must determine whether the additional constitutional questions the defendants are attempting to raise require certification to the Attorney General pursuant to 28 U.S.C. §2403(a) and Fed. R. Civ. P. 5.1(b).

## I. Background

Delores Hartman and Deborah Rice each opened a credit-card account with Providian National Bank which was eventually assigned to Great Seneca Financial Corporation. Javitch, Block & Rathbone, LLP, on behalf of Great Seneca, filed separate lawsuits against Ms. Hartman and Ms. Rice in state court. The language of the complaints was identical except for the amounts allegedly owed. Attached to each complaint as Exhibit A was a purported account prepared by Great Seneca which resembled a typical credit-card statement. When Ms. Hartman and Ms. Rice answered the complaints and served discovery requests, Great Seneca, through its counsel, dismissed the state-court actions without prejudice.

Following the dismissal of the state-court proceedings, Ms. Hartman and Ms. Rice commenced separate actions against Great Seneca and the Javitch law firm in this Court. These actions have since been consolidated for pretrial purposes. The plaintiffs asserted causes of action under the Fair Debt Collection Practices Act and the Ohio Consumer Sales Practices Act maintaining that Exhibit A is a false, deceptive, and/or misleading representation employed by the defendants in an attempt to collect a debt and that the defendant's use of Exhibit A constitutes an unfair or unconscionable debt collection practice.

On May 21, 2008, Judge Smith granted summary judgment in favor of Great Seneca and the Javitch law firm on the grounds that Ms. Hartman and Ms. Rice had failed to present any evidence that Exhibit A is deceptive, misleading, or an unfair means of attempting to collect a debt. Alternatively, he concluded that even if the plaintiffs had shown a genuine issue of material fact regarding their claims, the defendants had satisfied the elements of the bona fide error defense set forth in 15 U.S.C. §1692k(c)

as a matter of law. Having thus disposed of the plaintiffs' claims, Judge Smith found it unnecessary to consider the defendants' arguments with respect to the unconstitutionality of the FDCPA.

Ms. Hartman and Ms. Rice appealed the decision granting summary judgment. They argued that Exhibit A was false in each instance and that attaching it to the state-court complaints was false and misleading and an unfair means of attempting to collect a debt. They also denied that the bona-fide error defense is applicable to the defendants' conduct. Great Seneca and the Javitch law firm responded in support of Judge Smith's decision and also urged the Court of Appeals to uphold the judgments on the alternative basis that application of the FDCPA to their conduct is unconstitutional.

The Court of Appeals reversed the grant of summary judgment to defendants and remanded these cases to this Court for proceedings consistent with that opinion. The majority of the panel found that a genuine issue of material fact exists as to whether referring to Exhibit A as an "account" would have misled the least sophisticated consumer. It also could not determine based on the facts presented that the bona fide error defense applied and suggested that this issue could be further explored as the litigation proceeds on remand. The Court of Appeals then considered and rejected each of the defendants' constitutional arguments. The defendants' subsequent petitions for rehearing and for a writ of <u>certiorari</u> were denied.

II. <u>Constitutional Issues Decided by Court of Appeals</u>

Great Seneca and the Javitch law firm first argued on appeal that they are immune from suit based on statements made during judicial proceedings and that allowing these suits to go forward under the FDCPA would violate their constitutional right to petition under the First Amendment, as well as the <u>Noerr-</u>

Pennington doctrine. The Court of Appeals, however, pointed out that the Supreme Court already had decided that the FDCPA applies to debt collectors' litigation-related activity. See Heintz v. Jenkins, 514 U.S. 291 (1995). Moreover, the Sixth Circuit had specifically concluded that the First Amendment does not shield lawyers engaged in collections litigation from FDCPA liability. Gionis v. Javitch, Block & Rathbone, LLP, 238 Fed.Appx. 24, 26 (6th Cir. 2007). Assuming nevertheless that the First Amendment may provide some protection from FDCPA suits that are based on conduct and statements during litigation, the majority found that, if true, the defendants' allegedly intentional misrepresentation of Exhibit A as an "account" would not be immunized by the Petition Clause. Hartman v. Great Seneca Financial Corp., 569 F.3d 606, 616 (6th Cir. 2009), cert. denied, 130 S.Ct. 1688 (2010).

Great Seneca and the Javitch law firm next argued that the FDCPA is unconstitutionally vague and overbroad. The Sixth Circuit found that the defendants had overstated their case when they complained that the FDCPA could impose strict liability for non-frivolous state-court petitions. Id. at 617. The Court of Appeals noted that a debt collector who made literally true statements which were nonetheless misleading under the FDCPA would be protected from liability by the bona fide error defense if the collector could show that the mistake was unintentional, made in good faith, and that the collector had procedures in place to avoid such a mistake. Id. If, on the other hand, the collector intentionally made a misleading or deceptive representation, acted in bad faith, or did not have procedures in place to avoid that type of error, he could lawfully be punished under the FDCPA. Id. The fact that Great Seneca and the Javitch law firm might fall into the second category, the panel concluded, does not mean that the FDCPA is an unconstitutional

infringement on their right to petition. Id.

The Court of Appeals also observed that the overbreadth doctrine should be applied only as a last resort and that a party challenging a statute as overbroad must demonstrate a realistic threat that the statute will significantly compromise the First Amendment rights of persons not before the Court. Id. The majority determined that Great Seneca and the Javitch law firm had not made such a showing and therefore refused to affirm summary judgment on these alternate grounds. Id.

The Sixth Circuit also declined to consider the defendants' argument that application of the FDCPA violated their substantive due process rights. Id. The panel stated that Supreme Court precedent clearly indicates that the substantive due process concept has no application where a specific provision of the Constitution addresses the type of illegal conduct alleged. Id. Here, the panel concluded, the First Amendment provides the basis for the defendants' claims. Id.

Lastly, the Court of Appeals rejected the defendants' assertion that application of the FDCPA violates the Commerce Clause because it would allegedly involve the interference of the federal government with the Ohio Rules of Civil Procedure. Id. The panel found that holding Great Seneca and the Javitch law firm liable under the FDCPA would have no effect on Ohio law. Id. The basis for liability lies in the defendants' misleading and deceptive conduct while using the Ohio court system in an attempt to collect a debt. Id. Although Ohio law is necessarily implicated in making this determination, in the majority's view, such state law is in no way altered by the FDCPA's prohibition of false, misleading, or deceptive collection activity. Id.

### III. Additional Constitutional Issues Raised by Defendants

Great Seneca and the Javitch law firm are attempting to raise the following three constitutional issues on the basis that

they were not addressed by the Sixth Circuit on appeal.

A. Whether 15 U.S.C. §§1692e, 1692e(10), and 1692f of the FDCPA are unconstitutional as applied to a potentially misleading representation in an attachment to a pleading under the First Amendment, in the absence of a showing that the representation is inherently likely to deceive, or where the record fails to show that the representation was actually deceptive.

B. Whether 15 U.S.C. §§1692e, 1692e(10), and 1692f of the FDCPA are unconstitutional as applied to a petition under the First Amendment, in the absence of a showing that the pleading was a sham, baseless, or contained "intentional and reckless falsehoods" that materially affected the core of a litigant's case.

C. Whether the First Amendment requires a plaintiff to bear the burden of proof to demonstrate the state-court pleading was a sham, baseless, or contained "intentional and reckless falsehoods" before liability attaches.

The United States does not believe these questions present a viable constitutional challenge at this juncture.  The government asserts that should the trier of fact in these proceedings find that the statements made by Great Seneca and the Javitch law firm in the state-court litigation are, in fact, false, deceptive, or misleading for purposes of the FDCPA, no additional constitutional issues arise because the Sixth Circuit has already addressed and rejected defendants' First Amendment concerns.  The scenario posited by the defendants of liability under the FDCPA in the absence of a finding that their statements were not false, misleading, or deceptive is, in the government's view, entirely hypothetical.

### IV. <u>Analysis</u>

In their amended complaints, Ms. Hartman and Ms. Rice claim that Great Seneca's and the Javitch law firm's representation

that Exhibit A was a copy of the account on which they were being sued is false, deceptive, and/or misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10) and is an unfair means of collecting a debt in violation of § 1692f.  In determining whether particular conduct violates the FDCPA, courts employ an objective, "least-sophisticated-consumer" test.  <u>Miller v. Javitch, Block & Rathbone</u>, 561 F.3d 588, 592 (6th Cir. 2009).  This standard serves a two-fold purpose.  <u>Gionis</u>, 238 Fed.Appx. at 28.  It ensures the protection of all consumers, even the naive, against deceptive debt collection practices, while preventing liability for bizarre and idiosyncratic interpretations of collection notices.  <u>Id</u>.

Under this test, Ms. Hartman and Ms. Rice must prove that Exhibit A would mislead the least sophisticated consumer.  They are not required under the FDCPA to show that the statement of account attached to the defendants' state-court complaints is inherently likely to deceive or that Exhibit A was, in fact, deceptive.  Great Seneca and the Javitch law firm, instead, borrow this language from a Supreme Court case involving limitations on attorney advertising.  <u>See</u> <u>In re R.M.J.</u>, 455 U.S. 191 (1982).  In that case, the Supreme Court noted the lack of any finding that the attorney's speech was misleading and held that under those circumstances the restrictions on commercial speech imposed by the disciplinary rule could not be sustained in light of the First Amendment.  <u>Id</u>. at 206.  Because the plaintiffs must show Exhibit A is misleading with respect to the least sophisticated consumer, that concern is not implicated here.  <u>See</u> <u>id</u>. at 203 ("Misleading advertising may be prohibited entirely").  Accordingly, there is no danger that the defendants' First Amendment rights will be violated if they are found liable under the FDCPA in this case.

The FDCPA similarly does not require Ms. Hartman and Ms.

Rice to show that the defendants' state-court complaints constituted "sham petitions, baseless litigation, or petitions containing 'intentional and reckless falsehoods.'"  This language is derived from Supreme Court cases involving the First Amendment right to petition in the context of such subjects as the National Labor Relations Act, antitrust, and libel.  See McDonald v. Smith, 472 U.S. 479 (1985)(internal citations omitted).  While the Court of Appeals in these proceedings discussed these cases in conjunction with the defendants' right to petition, it concluded that the First Amendment would not protect the conduct at issue in this case.  Under the law-of-the-case doctrine, this determination should continue to govern on remand.  See Niemi v. NHK Spring Co., 543 F.3d 294, 308 (6th Cir. 2008).  Accordingly, the three constitutional issues sought to be raised by Great Seneca and the Javitch law firm are all foreclosed.  The lack of a constitutional issue notwithstanding, the Court agrees with the defendants that materiality is a requirement under the FDCPA.  See Miller, 561 F.3d at 596.

Lastly, the Court would be remiss not to point out that the view expressed by Great Seneca and the Javitch law firm that the concurring opinion by Judge Oliver dictates the issues on remand is incorrect.  Judge Moore clearly delivered the opinion of the court in which Judge Oliver concurred.  Under these circumstances, "concurring opinions have no legal effect, and thus, are in no way binding on any court."  Bronson v. Board of Education, 510 F.Supp. 1251, 1265 (S.D.Ohio 1980).

### V. Conclusion

Based on the foregoing reasons, the Court determines that the additional constitutional questions listed in the defendants' articulation of remaining issues do not require certification to the Attorney General under 28 U.S.C. §2403(a) and Fed. R. Civ. P. 5.1(b).

## VI. Procedure for Objections

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Fed. R. Civ. P. 7(b). Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. Eastern Division Order No. 91-3, pt. I., F., 5. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A).

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge