IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| Deborah L. Rice, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:04-cv-0951 |
| Great Seneca Financial Corp, et al., | : | JUDGE SMITH |
| | : | |
| Defendants. | | |
| | | |
| Delores J. Hartman, | : | |
| Plaintiff, | : | Case No. 2:04-cv-972 |
| v. | : | |
| Great Seneca Financial Corp, et al., | : | JUDGE SMITH |
| Defendants. | : | |

OPINION AND ORDER

On June 30, 2009, the Court of Appeals for the Sixth Circuit reversed this Court' grant of summary judgment to the defendants and remanded these cases for proceedings consistent with that opinion.  The appeals court also remanded the question of whether Great Seneca Financial Corporation should remain a party to these proceedings in light of its alleged voluntary dissolution.  The Sixth Circuit denied defendants' petition for rehearing and suggestion for rehearing en banc.  Hartman v. Great Seneca Financial Corp., 569 F.3d 606 (6th Cir. 2009).  On March 1, 2010, the Supreme Court denied defendants' petition for certiorari.

Upon denial of certiorari, Great Seneca moved to be dropped as a party defendant pursuant to Fed. R. Civ. P. 21.  Both

Deborah Rice and Delores Hartman, the respective plaintiffs in these actions, opposed the motion to drop Great Seneca as a party defendant. The matter has been fully briefed and is ripe for decision. For the following reasons, the motion will be granted.

Rule 21 permits a court at any time, on motion or on its own, to add or drop a party on terms that are just. The basis for dropping Great Seneca as a party stems from the effect of its voluntary dissolution on its capacity to sue or be sued. Great Seneca argues that its capacity to be sued ended abruptly when its articles of dissolution were accepted on March 25, 2009. Great Seneca also suggests that continued prosecution of plaintiffs' claims against it would be futile given the fact that it has no assets to distribute. Ms. Hartman and Ms. Rice do not contest that Great Seneca has been dissolved under the laws of the State of Maryland and that there are no corporate assets available for distribution. Nevertheless, they contend that because their suits were filed long before Great Seneca's dissolution, dismissal is not indicated.

At common law, dissolution of a corporation abated all pending litigation to which that entity was a party. Oklahoma Natural Gas Co. v. Oklahoma, 273 U.S. 257, 259 (1927). If the corporation were to continue in existence for litigation purposes, there must be some statutory authority for such continuation in the jurisdiction in which it was incorporated. Id. at 259-60. Because Great Seneca is a Maryland corporation, the question of whether its existence may be prolonged for the purpose of litigating this action depends on whether Maryland statutory law would permit a corporation which has voluntarily dissolved to sue or be sued.

Title 3, subtitle 4 of the Annotated Code of Maryland outlines the procedure for voluntarily dissolving a corporation. It provides for a notice to creditors and the filing of articles

of dissolution with the Maryland Department of Assessments and Taxation.  MD. CODE ANN. CORPS & ASS'NS §§ 3-404, 3-406, 3-407.  The corporation is dissolved when the department accepts the articles of dissolution for record.  §3-408.  An effectual legal dissolution extinguishes the corporation's power to sue or be sued in its corporate name.  Baltimore Luggage Co. v. Holtzman, 562 A.2d 1286, 1295 (Md.App. 1989), cert. denied, 568 A.2d 28 (Md. 1990).  The only exceptions involve pending criminal proceedings against a corporation, see Melrose Distillers, Inc. v. U.S., 359 U.S. 271 (1959), and a corporation's obligation to pay a franchise tax imposed prior to dissolution, see Diamond Match Co. v. State Tax Commission, 200 A. 365 (Md. 1938).  That even these limited exceptions exist today may be doubted given the fact that the Maryland Code no longer specifies that dissolution of a corporation shall not abate any pending suit or proceeding as did former Art. 23, §72(a).  See Melrose, 359 U.S. at 273.

Upon dissolution, the corporation is managed by the board of directors solely for the purpose of liquidating the corporation's assets and winding up its business and affairs.  During this time, the directors may sue or be sued in the name of the corporation.  §3-410.  The directors' authority continues until the corporation's assets are distributed or a receiver is appointed.  §§3-411(c), 412(d)(2); see Gould Inc. v. A&M Battery & Tire Service, No. 3-CV-91-1714, 1996 WL 338398 *2 (M.D.Pa. Apr. 17, 1996)(interpreting Maryland law as providing an unspecific, yet finite period of responsibility for directors from date of dissolution until corporation's assets are distributed).

Where an action against a corporation is pending at the time of dissolution, any party may file a notice substituting the proper person as the defendant.  Md. Rule 2-241(a)(4).  "If substitution is not made..., the court may dismiss the action, continue the trial or hearing, or take such other action as

justice may require." Md. Rule 2-241(d). See also Hill Const. v. Sunrise Beach, LLC, 952 A.2d 357, 362 (Md.App. 2008).

This case is not a criminal proceeding nor does it involve the imposition of a corporate franchise tax. Accordingly, the Court concludes that Great Seneca's ability to sue or be sued terminated upon its dissolution. Ms. Rice and Ms. Hartman had an opportunity to substitute the directors of Great Seneca after they received notice that the articles of dissolution would be filed, but did not do so. Assuming that Great Seneca's defending against their lawsuits could be construed as part of the winding up of its business affairs, the directors' authority to act in the name of the corporation expired once it was determined there were no assets to distribute. Because it is now too late to substitute the directors of Great Seneca as defendants, the Court may dismiss these actions as to Great Seneca.

Based on the foregoing reasons, Great Seneca's motion to be dropped as a party defendant (##89, 112) is granted. These actions will continue against the Javitch firm, the only remaining defendant.

/s/ George C. Smith
George C. Smith
United States District Judge