# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DEBORAH L. RICE,**

    **Plaintiff,**

v.

**GREAT SENECA FINANCIAL CORP.,** *et al.***,**

    **Defendants.**

**and**

**DELORES J. HARTMAN,**

    **Plaintiff,**

v.

**GREAT SENECA FINANCIAL CORP.,** *et al.***,**

    **Defendants.**

**Case No.:  2:04-cv-0951**
**JUDGE SMITH**
**Magistrate Judge Kemp**

**Case No.: 2:04-cv-972**
**JUDGE SMITH**
**Magistrate Judge Kemp**

## OPINION AND ORDER

This matter is before the Court on Defendant Javitch, Block & Rathbone, LLP's Objections to the Magistrate Judge's Opinion and Order (Docs. 107 and 139).[1]  Plaintiffs have filed a response to the objections and the United States has also filed a response.  This matter is fully briefed and ripe for review.  For the reasons that follow, the Court adopts Magistrate Judge Kemp's Report and Recommendation in its entirety.

---

[1] Defendant Javitch, Block & Rathbone, LLP is the only remaining defendant in the aforementioned cases as Great Seneca Financial Corp. was dismissed from both cases on June 22, 2010, per this Court's Order (Doc. 106 and 138).

**I.     BACKGROUND**

In October, 2004, Plaintiffs Hartman and Rice commenced separate actions in this Court. The actions were consolidated for pretrial purposes.  Plaintiffs have asserted causes of action under the Fair Debt Collection Practices Act and the Ohio Consumer Sales Practices Act maintaining that Exhibit A, attached to Plaintiffs' complaints, is a false, deceptive, and/or misleading representation employed by the Defendants in an attempt to collect a debt and that the use of Exhibit A constitutes an unfair or unconscionable debt collection practice.[2]

This Court granted summary judgment in favor of Defendants, Great Seneca and Javitch on the grounds that Plaintiffs had failed to present any evidence that Exhibit A is deceptive, misleading, or an unfair means of attempting to collect a debt.  Alternatively, even if Plaintiffs had shown a genuine issue of material fact regarding their claims, the Court held that Defendants had satisfied the elements of a bona fide error defense set forth in 15 U.S.C. §1692k(c).  Having disposed of Plaintiffs' claims, the Court found it unnecessary to consider the Defendants' arguments with respect to the unconstitutionality of the FDCPA.[3]

Plaintiffs Hartman and Rice appealed the summary judgment decision to the United States Court of Appeals for the Sixth Circuit.  The Sixth Circuit reversed the grant of summary judgment to Defendants and remanded these cases for further proceedings consistent with their opinion.  The majority of the panel found that a genuine issue of material fact exists as to whether referring to Exhibit A as an "account" would have misled the least sophisticated

---

[2] The Court finds that the procedural and factual background of this case is sufficiently set forth in Magistrate Judge Kemp's Opinion and Order and is incorporated as if fully rewritten herein.

[3] The United States joined the case and filed briefs as an intervenor because the Defendants challenged the constitutionality of the FDCPA.

consumer. The panel could not determine based on the facts presented, whether the bona fide error defense applied and suggested that the issue could be further explored as the litigation proceeds on remand.

Defendants filed an articulation of issues in Case Number 2:40-cv-972 on April 1, 2010, which included three constitutional questions allegedly not decided by this Court or the Sixth Circuit. The United States filed a response to that articulation. The Magistrate Judge issued an Opinion and Order on June 18, 2010, finding that the three constitutional issues sought to be raised by Defendants are all foreclosed. Accordingly, the issues do not require certification to the Attorney General under 28 U.S.C. § 2403(a) and Rule 5.1(b) of the Federal Rules of Civil Procedure. (*See* Doc. 105, p. 8).

Defendant, the Javitch firm, filed objections to the Magistrate Judge's Opinion and Order (Doc. 107). Defendant does not take issue with the ultimate conclusion reached by the Magistrate Judge with respect to the certification issue, but Defendant objects to the Magistrate's Opinion and Order, arguing that it goes beyond the initial question posed, by concluding that the constitutional issues articulated by the Defendant are foreclosed by the appellate mandate, and by defining and establishing the evidentiary standard of proof governing Plaintiffs' remaining claims.

## II.  STANDARD OF REVIEW

When objections to a magistrate judge's opinion and order are filed, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report

has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

The "clearly erroneous" standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992), aff'd., 19 F.3d 1432 (6th Cir. 1994). A finding is clearly erroneous only when the reviewing court is left with a definite and firm conviction that a mistake has been committed." *In re Search Warrants Issued Aug. 29, 1994*, 889 F.Supp. 296, 298 (S.D. Ohio 1995). If on review, the court determines that the evidence does not support the factual determination, or that the magistrate judge's construction of the evidence is not reasonable, the finding is clearly erroneous. *Geiger Bros. Mechanical Contractors v. Lockheed Martin Utility Services, Inc.*, 200 Westlaw 1456916, *1 -2 (S.D. Ohio 2000) (citing *Heights Community Congress v. Hilltop Realty Corp.*, 774 F.2d 135, 140 (6th Cir.1985)). Under the "contrary to law" standard, should the court determine on plenary review that the report and recommendation of the magistrate judge ignores or contradicts the law, or governing Rules of Civil Procedure, it should be rejected. *Id.*

### III. DISCUSSION

Defendant, the Javitch firm, argues that the Magistrate Judge's Opinion and Order is contrary to law for three reasons: 1) it concluded that the constitutional issues are foreclosed under the appellate mandate and the law of the case doctrine; 2) it purports to establish the evidentiary standard applicable to the remaining claims; and 3) it suggests that the falsity claim remains in issue. The Court will consider each objection in turn.

A.     **Constitutional Issues**

The Magistrate Judge's Opinion and Order states that the Defendants have asserted that the following three constitutional issues remain pending before this Court:

> A. Whether 15 U.S.C. §§1692e, 1692e(10), and 1692f of the FDCPA are unconstitutional as applied to a potentially misleading representation in an attachment to a pleading under the First Amendment, in the absence of a showing that the representation is inherently likely to deceive, or where the record fails to show that the representation was actually deceptive.
>
> B. Whether 15 U.S.C. §§1692e, 1692e(10), and 1692f of the FDCPA are unconstitutional as applied to a petition under the First Amendment, in the absence of a showing that the pleading was a sham, baseless, or contained "intentional and reckless falsehoods" that materially affected the core of a litigant's case.
>
> C. Whether the First Amendment requires a plaintiff to bear the burden of proof to demonstrate the state-court pleading was a sham, baseless, or contained "intentional and reckless falsehoods" before liability attaches.

(Doc. 105, p. 6). The Magistrate Judge concluded that certification to the Attorney General pursuant to rule 5.1 of the Federal Rules of Civil Procedure is not necessary because "the three constitutional issue sought to be raised by Great Seneca and the Javitch law firm are all foreclosed." (*Id*. at 8).

Defendant, the Javitch Firm, argues in its objections that it was not proper for the Magistrate Judge to address the impact of the appellate mandate on the issues articulated by Defendant, and further that the three constitutional issues are not precluded by the law of case doctrine or the mandate rule. (Defs.' Objections at 4).

The Court has reviewed the Sixth Circuit decision and the Magistrate Judge's Opinion and Order in this case and finds that the Magistrate Judge's conclusion that the constitutional issues are foreclosed is neither clearly erroneous, nor is it contrary to the law.

The United States has responded to clarify that it intervened in this case for the limited purpose of defending the FDCPA from Javitch's initial constitutional challenge. This issue was raised by Defendant Javitch in its objections, however, it was not specifically addressed by the Magistrate Judge, and therefore, the Court declines to render any further decision on the constitutional issues at this time.

### B.     Evidentiary Standard

Defendant objects to the Magistrate Judge's Opinion and Order for concluding that courts employ an objective "least-sophisticated-consumer" test in determining whether particular conduct violates the FDCPA, and for further stating what Plaintiffs must prove under this test. Defendant asserts that there was no briefing on this issue, and that it is contrary to law. Plaintiffs have not responded to Defendant's argument on this issue.

The Court has reviewed the Magistrate Judge's Opinion and Order on this issue and finds that the conclusion regarding the evidentiary standard is neither clearly erroneous, nor contrary to the law. Nonetheless, the Court notes that there was no briefing on this issue and it is typically considered in the context of a dispositive motion, or in preparation for trial. Accordingly, the Court will reserve the right to re-address this issue at a later date, if necessary.

### C.     Falsity Claim

Defendant argues that the Magistrate Judge incorrectly suggests that the falsity claims are still an issue in this case. Defendant argues that the Sixth Circuit did not reverse this Court's grant of summary judgment to the Defendants on the falsity claim. (Defs.' Objections at 12). Defendant relies on the law of case doctrine, which "precludes reconsideration of an issue that was decided in a previous stage of litigation, either explicitly or by necessary inference from the disposition. . .." *Smiljanich v. General Motors Corp.*, 302 Fed. Appx. 443 (6th Cir. 2008).

Plaintiffs, however, argue that the Sixth Circuit expressly reserved judgment on this issue by stating it was unnecessary to its decision. The Sixth Circuit stated:

> Determining whether Great Seneca's and Javitch's representations regarding Exhibit A were false would require us to decide what "account" means under Ohio law. However, because we conclude that Hartman and Rice have raised a genuine issue of material fact as to whether Great Seneca's and Javitch's representations were misleading or deceptive, we hold that summary judgment is inappropriate regardless of whether the designation of Exhibit A as an "account" was false.

*Hartman v. Great Seneca Financial Corp.*, 569 F.3d 606, 613 (6th Cir. 2009).

The Court agrees with Plaintiffs that the falsity issue was not decided by the Sixth Circuit. The fact that the Sixth Circuit was essentially silent as to that issue does not trigger the law of case doctrine. *See Kavorkian v. CSX Transp., Inc.*, 117 F.3d 953 (6th Cir. 1997) ("The rule of mandate is limited to those issues that were necessarily decided in the earlier appeal. . . . Thus, CSX's reliance on the silence in our earlier mandate is unavailing. Our remand for a new trial rendered it unnecessary for us to consider the issue of damages, and the failure of the mandate to discuss the issue of damages meant that the district court was free to submit that issue to the jury."). Accordingly, the falsity claim is not precluded by the law of case doctrine and remains pending before this Court on remand.

Defendant also attempts to argue the merits of the falsity issue, however, the Magistrate Judge did not make any findings with respect to the merits of this issue. Therefore, it is not properly before the Court at this time.

## IV. DISPOSITION

For the foregoing reasons, the Court finds that Magistrate Judge Kemp's Opinion and Order is neither clearly erroneous, nor contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. 72(a).  The Court therefore affirms and adopts the June 18, 2010 Opinion and Order in its entirety.  Defendant's Objections are **OVERRULED**.

The Clerk shall remove Documents 107 and 139 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                       */s/ George C. Smith*
                                       **GEORGE C. SMITH, JUDGE**
                                       **UNITED STATES DISTRICT COURT**